LUCERO, Circuit Judge,
concurring.
I agree with the majority’s analysis and result. I write separately only to comment on what I consider the proper standard of review for denial of a motion for DNA testing brought pursuant to the Innocence Protection Act (“IPA”), 18 U.S.C. § 3600. The Fifth Circuit is the only circuit to have considered this issue. It views a prisoner’s entitlement to DNA testing under the IPA to be a question of law subject to de novo review. United States v. Fasano, 577 F.3d 572, 575 (5th Cir.2009). Any underlying factual findings made by the district court, however, are reviewed for clear error. Id.
In drafting the IPA, Congress intended to provide prisoners with a clear-cut mechanism for acquiring post-conviction DNA testing. Pursuant to the IPA: “Upon a written motion by an individual ... the court that entered the judgment of conviction shall order DNA testing of specific evidence if the court finds that all of the following apply.” § 3600(a) (emphasis added). Because the word “shall” is used, a district court is denied discretion to decide whether or not DNA testing is ordered; if all the statutory requirements are met, testing is allowed.
Routinely, a district court will engage in fact-finding before determining whether the IPA requires testing. When a court does so, we afford deference to those factual findings and review for clear error. *1270 See United States v. Torres, 569 F.3d 1277, 1281 (10th Cir.2009). However, the district court’s ultimate determination of whether a prisoner is entitled to DNA testing is not within its discretionary power. Thus, it is a legal determination that we review de novo. See Elder v. Holloway, 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994).
In this case, the district court ruled that Jordan failed to meet the requirements of § 3600(a)(8)(B). As a result, we must determine whether this ruling constitutes a finding of fact to which we should defer. Like the Fifth Circuit in Fasano, 577 F.3d at 575, I conclude that a § 3600(a)(8)(B) ruling is not a factual finding.
Section 3600(a)(8)(B) requires a district court to make a reasonable probability determination akin to that conducted under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). A defendant’s due process rights are violated under Brady if evidence suppressed by the government is both “favorable to the accused” and “material” to guilt or punishment. Id. at 87, 83 S.Ct. 1194. “Evidence is material [under Brady ] only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” Pennsylvania v. Ritchie, 480 U.S. 39, 57, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (quotation omitted).
Similarly, an applicant is entitled to DNA testing under the IPA only if she can show that new evidence “raise[s] a reasonable probability that the applicant did not commit the offense.” § 3600(a)(8)(B). In essence, the IPA requires a trial court to conduct a materiality assessment. Under this circuit’s case law, “the question of materiality and the possible effect of the withheld evidence on the verdictf] is a mixed question of fact and law,” Bowen v. Maynard, 799 F.2d 593, 610 (10th Cir.1986), which we review de novo, United States v. Williams, 576 F.3d 1149, 1163 (10th Cir.2009). By analogy, a district court’s conclusion as to whether a prisoner has satisfied § 3600(a)(8)(B)’s standard does not constitute a pure factual determination. Instead, it is a mixed question of law and fact subject to de novo review.
Accordingly, I would review the district court’s ultimate decision to deny Jordan’s motion for DNA testing de novo. For the reasons stated by the majority, Jordan’s motion fails under this standard. I thus concur in the panel’s judgment.